IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SALVADOR GARCIA,** | Case No. 1:14-cv-01194 MJS (HC) |
| Petitioner, | **ORDER REGARDING RESPONDENT'S MOTION TO DISMISS** |
| **v.** | |
| **SPEARMAN, Warden,** | **[Doc. 13]** |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Alice Su of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 10, 12.)

I.      **BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, upon being convicted by a jury on February 16, 2007 of penetration by a foreign object, assault with intent to commit penetration by a foreign object, sexual battery, assault with a deadly weapon, criminal threats, and misdemeanor spousal battery. (See Lodged Doc. 1.) On

1  April 9, 2007, Petitioner was sentenced to an indeterminate state prison term of eighteen
2  (18) years to life. (Id.)

3      On July 18, 2014, Petitioner filed the instant federal Petition for Writ of Habeas
4  Corpus in this Court. On October 6, 2014, Respondent filed a Motion to Dismiss the
5  petition as being a successive petition under 28 U.S.C. § 2244(b)(1) and for being filed
6  outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to
7  Dismiss.) Petitioner did not file objections.

8  **II.    DISCUSSION**

9      **A.    Procedural Grounds for Motion to Dismiss**

10     Rule 4 of the Rules Governing Section 2254 Cases allows a district court to
11 dismiss a petition if it "plainly appears from the petition and any attached exhibits that the
12 petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing
13 Section 2254 Cases.

14     The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an
15 answer if the motion attacks the pleadings for failing to exhaust state remedies or being
16 in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,
17 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to
18 exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using
19 Rule 4 as procedural grounds to review motion to dismiss for state procedural default);
20 Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a
21 respondent can file a motion to dismiss after the court orders a response, and the Court
22 should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 &
23 n. 12.

24     In this case, Respondent's motion to dismiss is based on a violation of the
25 prohibition on successive petitions and the one-year limitations period. 28 U.S.C. §
26 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to
27 a motion to dismiss for failure to exhaust state remedies or for state procedural default
28 and Respondent has not yet filed a formal answer, the Court will review Respondent's

1 | motion to dismiss pursuant to its authority under Rule 4.

2 | **B.** **Successive Petition**

3 | In the motion to dismiss, Respondent asserts that in 2010 Petitioner filed a
4 | habeas petition regarding this conviction, and that he should not be allowed to file the
5 | present petition without permission from the Ninth Circuit Court of Appeals.

6 | In the present petition, Petitioner challenges the April 16, 2007 convictions
7 | discussed above. A review of the Court's dockets and files shows Petitioner has
8 | previously sought habeas relief with respect to this conviction. In case number 1:10-cv-
9 | 00140-DLB, Petitioner challenged the same underlying conviction. On December 13,
10 | 2010, the petition was denied on the merits. See Garcia v. Grounds, 2010 U.S. Dist.
11 | LEXIS 136445 (E.D. Cal. Dec. 13, 2010)

12 | A court must dismiss a second or successive petition that raises the same
13 | grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second
14 | or successive petition raising a new ground unless the petitioner can show that 1) the
15 | claim rests on a new constitutional right, made retroactive by the United States Supreme
16 | Court or 2) the factual basis of the claim was not previously discoverable through due
17 | diligence, and these new facts establish by clear and convincing evidence that but for
18 | the constitutional error, no reasonable factfinder would have found the applicant guilty of
19 | the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court
20 | that decides whether a second or successive petition meets these requirements; the
21 | Petitioner must first file a motion with the appropriate court of appeals to be authorized to
22 | file a second or successive petition with the district court.

23 | Section 2244 (b)(3)(A) provides: "Before a second or successive application
24 | permitted by this section is filed in the district court, the applicant shall move in the
25 | appropriate court of appeals for an order authorizing the district court to consider the
26 | application." In other words, Petitioner must obtain leave from the Ninth Circuit before he
27 | can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S.
28 | 651, 656-657 (1996). This Court must dismiss any second or successive petition unless

1   the Court of Appeals has given Petitioner leave to file the petition because a district court

2   lacks subject-matter jurisdiction over a second or successive petition. <u>Greenawalt v.</u>

3   <u>Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997).

4          Because the current petition was filed after April 24, 1996, the provisions of the

5   Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current

6   petition. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that

7   he has obtained prior leave from the Ninth Circuit to file his successive petition attacking

8   the conviction. That being so, this Court has no jurisdiction to consider Petitioner's

9   renewed application for relief under Section 2254 and must dismiss the petition. <u>See</u>

10  <u>Greenawalt</u>, 105 F.3d at 1277. If Petitioner desires to proceed in bringing this petition for

11  writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. <u>See</u> 28

12  U.S.C. § 2244(b)(3). Accordingly, Respondent's motion to dismiss the petition as

13  successive is hereby granted.

14  **III.    <u>UNTIMELINESS</u>**

15         In the motion to dismiss, Respondent also argues that the petition should be

16  dismissed for failure to file the petition within the one year limitation period required by

17  28 U.S.C. § 2244(d). As the petition is successive, the Court need not address such

18  issues.

19  **IV.    <u>ORDER</u>**

20         Accordingly, IT IS HEREBY ORDERED that:

21         1.      Respondent's Motion to Dismiss (Doc. 13) is GRANTED;

22         2.      The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as

23                 successive; and

24         3.      The Court DECLINES to issue a Certificate of Appealability.  28 U.S.C. §

25                 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (in order to obtain a

26                 COA, petitioner must show: (1) that jurists of reason would find it debatable

27                 whether the petition stated a valid claim of a denial of a constitutional right;

28                 and (2) that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling. <u>Slack</u>, 529 U.S. 484. In the present case, jurists of reason would not find debatable whether the petition was properly dismissed with prejudice as successive under 28 U.S.C. § 2244(b)(1). Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:   November 21, 2014          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE